UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER SANSOUCIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1531 (CEJ) |
| ) | |
| ANGELA MESMER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court on the petition of Jennifer Sansoucie for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a response in opposition. For the following reasons, the petition will be denied.

**I.   Background**

Petitioner Jennifer Sansoucie is presently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center. On July 9, 2010, petitioner pled guilty to second-degree murder, in violation of Mo. Rev. Stat. § 565.021, first-degree assault, in violation of Mo. Rev. Stat. § 565.050, and two counts of first-degree endangering the welfare of a child, in violation of Mo. Rev. Stat. § 568.045.[1] Resp. Ex. A at 17-21. At the plea hearing, petitioner admitted that she had suffocated her minor child S.L. and that she had injected her minor child E.L. with insulin that was not prescribed for him in an attempt to cause serious physical injury. Resp. Ex. A at 31-33. Petitioner had been initially charged with first-degree murder, in violation of Mo. Rev. Stat. § 565.020, in connection with S.L's death.

---
[1] Petitioner was originally charged with first-degree murder.

That charge, the penalties for which included a sentence of life imprisonment without parole, was reduced to second-degree murder as part of the plea agreement. *See Mo .Rev. Stat. § 565.020.2* ("Murder in the first degree is a class A felony, and the punishment shall be either death or imprisonment for life without eligibility for probation or parole, or release except by act of the governor . . .") On July 22, 2010, petitioner was sentenced to concurrent terms of imprisonment, aggregating 25 years.

On December 2, 2010, petitioner filed a timely post-conviction *pro se* motion to vacate, set aside or correct judgment pursuant to Missouri Rule 24.035. The motion was denied without an evidentiary hearing on March 17, 2011. On April 20, 2011, petitioner appealed the denial of her post-conviction motion to the Missouri Court of Appeals, requesting a new trial or, in the alternative, an evidentiary hearing. On March 12, 2012 the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. *Sansoucie v. State,* 362 S.W.3d 486 (Mo. Ct. App. 2012). On August 22, 2012, petitioner timely filed this petition for relief pursuant to 28 U.S.C. § 2254.

## II. Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004) (*citing Early v. Packer*, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." *Id.*

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," *Payton*, 125 S. Ct. at 1439; *Williams v. Taylor*, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or

3

incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (*quoting Williams*, 529 U.S. at 410-11).

## III. Discussion

In the three grounds for relief asserted in the petition, petitioner claims that she was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first *Strickland* prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. In order to establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, a habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (*quoting*

4

*Cullen v. Pinholster*, –––U.S. –––, 131 S. Ct. 1388, 1410 (2011)). As the court wrote in *Williams*:

> First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. at 696. . . To satisfy *Strickland*, the likelihood of a different result must be "substantial, not just conceivable." *Id.* Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect. *Harrington v. Richter*, ––– U.S. –––, 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786.

*Id.* at 831-32.

### A. <u>Ground One</u>

In Ground One, petitioner alleges that defense counsel told her that if she went to trial, she would be convicted of murder and receive a life sentence without possibility of parole. Petitioner asserts that defense counsel, by making this statement, coerced petitioner into pleading guilty. Petitioner presented this claim to the state courts in her postconviction motion. The claim was denied by both the motion court and the appellate court.

The transcript of the guilty plea hearing reflects that petitioner stated under oath that no one had threatened her or "in any way forced [her] to plead guilty against [her] free will." Resp. Ex. A. at p. 31. She also stated that she understood that she was giving up her right to a trial by pleading guilty. <u>Id</u>. at p. 30. The Missouri Court of Appeals found that petitioners statements during the guilty plea

5

hearing "conclusively refute[] Movant's claim that plea counsel threatened her to get her to enter a plea of guilty or led her to believe that a plea was her only option." Resp. Ex. D at p. 4. The court further found that it was defense counsel's duty to inform petitioner of the possible adverse consequences of proceeding to trial.

The state court's conclusion that petitioner's counsel did not coerce her into pleading guilty was not contrary to and did not result from an unreasonable application of federal law. A claim of attorney coercion is properly rejected when contradicted by a defendant's statements made to the court under oath. *United States v. Harvey*, 147 Fed. Appx. 627 (8th Cir. 2005) ("The record contradicts Harvey's contention that her guilty plea was coerced: she was questioned about her knowledge and the voluntariness of her plea by the district court, and she confirmed that the plea was not forced and that she had read and discussed the plea agreement with her counsel."), *citing Blackledge v. Allison,* 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.") to Petitioner cannot establish that counsel's performance was deficient because "sound advice by counsel does not amount to coercion." *Kelly v. State*, 866 S.W.2d 879, 881 (Mo. App. 1993) (*citing Davis v. State*, 754 S.W.2d 593, 594 (Mo. App. 1988)).

Likewise, the state court's decision that petitioner's counsel was obligated to tell her about the penalty she faced if convicted at trial was not contrary to and did not involve an unreasonable application of federal law. But for the plea agreement, petitioner faced a life sentence without parole if she were convicted of the original

6

first-degree murder charge. Counsel cannot be deemed ineffective for truthfully explaining the potential sentence the defendant faces. Furthermore, counsel was obligated to inform petitioner of the plea offer and advise her whether or not to accept it. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012).

"Under AEDPA, a state court must be granted a deference and latitude that are not in operation in a case involving direct review under *Strickland*. A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The state courts correctly applied *Strickland* and found no ineffectiveness on part of defense counsel. Petitioner is not entitled to relief on the claim asserted in Ground One.

### B. Ground Two

In Ground Two, petitioner alleges that defense counsel was ineffective by refusing to have petitioner evaluated by an independent expert. After petitioner was arrested, the juvenile court of Jefferson County began proceedings to terminate petitioner's parental rights. At the court's request, Dr. Warren Kass, a licensed psychologist, conducted an evaluation of petitioner's mental status. Dr. Kass diagnosed petitioner as suffering from Munchausen by proxy. When petitioner presented the claim in Ground Two to the state courts, she alleged that two psychiatrists who evaluated her before Dr. Kass did not make a diagnosis of Munchausen by proxy. Petitioner argued that defense counsel should have obtained an expert evaluation from Dr. Eric G. Mart, a psychologist, which would

7

likely have been consistent with the earlier evaluations and could have been used to contradict Dr. Kass's diagnosis.

The state courts rejected petitioner's claim. The court of appeals found that petitioner had not made the requisite showing that Dr. Mart's expert testimony would have benefited the defense. *See Zink v. State*, 278 S.W. 3d 170, 179 (Mo. Banc 2009) (to prevail on an ineffective assistance claim based on failure to locate and call an expert witness, the movant must show that (1) the expert witness existed at the time of trial; (2) the witness could be located through reasonable investigation; and (3) the witness's testimony would have benefited the defense). Dr. Mart did not examine petitioner; thus, whether he would have contradicted Dr. Kass's diagnosis is entirely speculative. Even if Dr. Mart could have testified that petitioner did not have Munchausen by proxy, such testimony would not have provided a viable defense to the criminal charges. In sum, the court found that petitioner failed to show that the outcome of the proceedings would have been different had defense counsel presented an evaluation from Dr. Mart. *Id. at 180. See also Strickland*, 466 U.S. at 694 (movant claiming ineffective assistance must establish that, but for counsel's errors, the result of the proceedings would have been different).

The court finds that the state court's conclusion on this claim was not contrary to and did not result from an unreasonable application of federal law. Petitioner is not entitled to relief on Ground Two.

**C. Ground Three**

In Ground Three, petitioner alleges that counsel withheld information about Dr. Mart's existence and about his willingness to testify on petitioner's behalf. The court of appeals found that this claim was refuted by the record. In her amended motion for postconviction relief, petitioner stated that she and defense counsel discussed the issue of an independent evaluation before the guilty plea and "counsel mentioned the name of Dr. Eric Mart." Resp. Ex. A at p. 97. Petitioner repeated this in her brief on appeal. Resp. Ex. B at p. 52. Further, when asked during the guilty plea hearing whether there were any witnesses petitioner wanted her lawyer to call or bring into court, petitioner responded "no." Resp. Ex. A at p. 30. On review, the appeals court wrote that "continuing to plead guilty in the face of knowledge of a potential expert witness indicates the plea is sufficiently voluntary." Resp. Ex. D at p. 6. (*citing Evans v. State*, 921 S.W2d 162, 165 (Mo. App. W.D. 1996). Thus, the record shows that not only was petitioner aware of Dr. Mart's existence, but she failed to take the opportunity to avail herself of his evaluation.

The court finds that the state court's decision on this claim was not contrary to and did not result from an unreasonable application of federal law. Petitioner is not entitled to relief on Ground Three.

**IV. Conclusion**

For the reasons discussed above, the Court concludes that petitioner has failed to establish that she is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence

presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2015.